IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD ARMIJO and
ZOOILA ARMIJO,

    Plaintiffs,

v.

                                No. 1:23-CV-00573-DHU-LF

CARDINAL LOGISTICS MANAGEMENT
CORPORATION, PHILLIP E. JOHNSON, and
ASSOCIATED WHOLESALE GROCERS, INC.,

    Defendants.

## ORDER

THIS MATTER comes before the Court on defendant Cardinal Logistics Management Corporation's motions to compel written discovery responses, Doc. 65, and to compel plaintiff Zooila Armijo to sit for an independent medical examination (IME) under Federal Rule of Civil Procedure 35, Doc. 71. The Court held a hearing on Cardinal's discovery motions on January 7, 2025. *See* Doc. 80. As explained at the hearing and below, I DENY Cardinal's motion to compel written discovery responses as moot and GRANT IN PART and DENY IN PART Cardinal's motion to compel Ms. Armijo to sit for an IME.

## BACKGROUND

As brief background, this is a car accident case removed to this Court from New Mexico state court. *See* Doc. 1. According to the complaint, tires detached from a tractor-trailer—driven by pro se defendant Phillip Johnson, owned by Cardinal, and insured by defendant AON Risk Services Southwest—and collided with the car of plaintiffs Richard Armijo and Zooila Armijo in March 2022, causing plaintiffs "severe and permanent injuries." Doc. 1-2 ¶¶ 10–12.

1

## ANALYSIS

**I.     Cardinal's Motion to Compel Written Discovery Responses**

In its first discovery motion, Cardinal asks the Court to compel plaintiffs to respond to three requests for production under Rule 34.  *See* Doc. 65.  At the January 7 hearing, the parties confirmed that they resolved all issues raised in Cardinal's motion before the hearing.  *See* Doc. 80 at 1.  Accordingly, I deny the motion as moot.

**II.    Cardinal's Motion for an IME**

In its second discovery motion, Cardinal asks the Court to compel Ms. Armijo to sit for an IME under Rule 35.  *See* Doc. 71.  According to Cardinal, an IME "will help a fact finder evaluate whether Mrs. Armijo's claimed injuries" to her neck and back "were caused by the subject accident," assess whether "previous injuries or illness may have been exacerbated," and "determin[e] a value" for her alleged "future damages."  *Id.* at 3.  Cardinal asks that Dr. Paul Saiz—"a Board-Certified Orthopedic Surgery Specialist" with "over [26] years of experience"—conduct the IME in person at his Las Cruces office and that the IME include a "thorough evaluation" of Ms. Armijo's "cervical, thoracic, and lumbar spines."  *Id.* at 6–7.  Cardinal also asks that Ms. Armijo attend the IME "alone, without the presence of … Counsel, third-parties, or recording devices."  *Id.* at 7.

Ms. Armijo "does not dispute that her physical condition is in controversy."  Doc. 72 at 3.  But she objects to an IME, arguing that Cardinal fails to show that the information it seeks "cannot be obtained through less intrusive means"—for example, through examining her medical records and deposing her doctors.  Doc. 72 at 2–3.  Ms. Armijo also argues that, even if an IME is warranted, Cardinal fails to provide the Court with enough information to craft a Rule 35 order properly "specify[ing] the time, place, manner, conditions, and scope" of the IME, "as well as

2

the person … who will perform it," and she requests 12 "conditions" on the IME. FED. R. CIV. P. 35(1)(2)(B); *see* Doc. 72 at 4–6.

As explained below, I grant in part and deny in part Cardinal's motion.

**A.      Cardinal demonstrated good cause for an IME.**

The Court grants Cardinal's motion in part insofar as it requests an IME as a general matter. Rule 35 states that federal district courts "may order a party whose … physical condition … is in controversy to submit to a physical … examination by a suitably licensed or certified examiner." The order "may be made only on motion for good cause." FED. R. CIV. P. 35(a)(2). The movant must therefore "affirmatively demonstrate both that the physical … condition of the party to be examined is 'in controversy' and that 'good cause' exists for the examination." *Booker v. P.A.M. Transp., Inc.*, No. 2:23-cv-18 WJ-KRS, 2024 WL 3890412, at *2 (D.N.M. Aug. 21, 2024) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964)).

Supreme Court precedent "squarely holds" that a "plaintiff in a negligence action who asserts … physical injury, places that … physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Lopez v. Singh*, No. 1:22-cv-36-JCH-SCY, 2023 WL 402024, at *1 (D.N.M. Jan. 25, 2023) (quoting *Schlagenhauf*, 379 U.S. at 119); *see also, e.g.*, *Tijerina v. New Mexico Corr. Dep't*, No. 1:20-cv-706-MIS-JHR, 2021 WL 2338381, at *3 (D.N.M. June 8, 2021) (same). Accordingly, where a plaintiff "claims personal injury damages resulting from a car accident," there is "good cause under Rule 35 for an IME." *Lopez*, 2023 WL 402024, at *1.

Cardinal satisfies these standards. As Cardinal argues, Ms. Armijo specifically claims "injuries to her neck and back" resulting from the car accident, Doc. 71 at 3, and Ms. Armijo concedes that "her physical condition is in controversy," Doc. 72 at 3. This creates good cause

for an IME under the decisions discussed above.  *E.g.*, *Schlagenhauf*, 379 U.S. at 119; *Lopez*, 2023 WL 402024, at *1 ("The Court finds good cause under Rule 35 for an IME because Plaintiff claims personal injury damages resulting from a car accident." (citing *Schlagenhauf*, 379 U.S. at 119)).

Ms. Armijo argues that good cause for an IME does not exist because Cardinal could get the information that it seeks by, for example, examining her medical records and deposing her doctors.  Doc. 72 at 2–3.  But case law from this District holds that a "plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available."  *Hatchett v. United Parcel Serv., Inc.*, No. 13-cv-1183-MCA-SMV, 2014 WL 12792348, at *1 (D.N.M. June 12, 2014) (*Hatchett I*), *objections overruled*, 2014 WL 12789702 (D.N.M. July 18, 2014) (*Hatchett II*).  I therefore grant Cardinal's request for an IME of Ms. Armijo.

   **B.**  **The parties must confer about the IME's specifics.**

Because an IME is warranted, the Court must next "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  FED. R. CIV. P. 35(a)(2)(B).  Where the party seeking the IME fails to provide the "requisite particulars regarding the examination" listed in Rule 35(a)(2)(B), the Court may order an IME "subject to a mandate that the parties confer regarding the specifics."  *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 398 (S.D. Tex. 2013); *see, e.g.*, *Cameron v. Gutierrez*, No. 1:19-cv-841-GJF-KK, 2020 WL 5326946, at *5 (D.N.M. Sept. 4, 2020) (ordering an IME but "requir[ing] counsel to confer with one another regarding" the IME's specifics because the movant gave "insufficient information" in its motion).

4

Applying these standards, I hold that the parties must meet and confer under Rule 35(a)(2)(B) about the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it," as Cardinal's motion provides "insufficient information" about these details. *Cameron*, 2020 WL 5326946, at *5. I therefore deny Cardinal's motion in part in this respect, and the parties should consider the following guidelines during their discussions.

***"[T]he person … who will perform" the IME.*** While the party seeking an IME typically "has the right to choose its own examiner," *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 511 (E.D. Cal. 2011), Ms. Armijo is entitled to evidence (for example, a curriculum vitae) that the examiner is "suitably licensed or certified," FED. R. CIV. P. 35(a)(1). Ms. Armijo should note, however, that "alleged bias on the part of the part examiner is not a reason to reject" Cardinal's proposed examiner under Rule 35, *McAllister v. Adecco Grp. N.A.*, No. 16-cv-447-JMS-KJM, 2017 WL 11151275, at *2 (D. Haw. June 30, 2017), as purported bias is a "matter for cross-examination at trial," *Lopez*, 2023 WL 402024, at *1; *see, e.g.*, *Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993) ("The plaintiff is free at trial to cross examine [the physician] on any questions of bias or prejudice"); *Looney v. Nat'l R.R. Passenger Corp.*, 142 F.R.D. 264, 265 (D. Mass. 1992) (physician's alleged bias is "left to full exploration at trial").

***The "scope of the examination."*** Ms. Armijo is also entitled to know the specific "scope of the examination" sought, FED. R. CIV. P. 35(a)(2)(B), and to a "showing of the medical acceptance and safety of the particular procedure[s]" that Cardinal requests, 8B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2235 (2024) (WRIGHT & MILLER). Cardinal's current proposed scope—seeking a "thorough evaluation of the cervical, thoracic, and lumbar spines" of Ms. Armijo—is too vague to meet these standards. Doc. 71 at 7. Cardinal should also

note that "[p]ainful examinations" are disfavored absent extraordinary circumstances. WRIGHT & MILLER § 2235.

*The IME's "time, place" and "manner."* The IME must also "be conducted at a time and place that is not inconvenient to the party to be examined." *Id.* § 2234. But the parties also must consider that the "facilities and equipment an examiner needs are likely at his place of practice." *Cameron*, 2020 WL 5326946, at *3 (quoting *Ornelas*, 292 F.R.D. at 400). The burden is therefore on the party resisting the IME to demonstrate with "specific evidence" (for example, notes from doctors) that "traveling to the examination" at the time and place proposed by the movant "poses undue burden or hardship." *Id.* Financial harm typically is not enough: While the moving party must pay for the IME, the "party being examined must pay his or her own expenses for coming to the examination and bear the loss of time thus caused." WRIGHT & MILLER § 2234; *see, e.g.*, *Stanisavljevic v. Standard Fire Ins. Co.*, No. 1:22-cv-3287, 2024 WL 2830949, at *13 (D. Colo. June 4, 2024) ("Plaintiff initiated this lawsuit and put her physical condition at issue. She must now submit to" an IME "and will necessarily incur expenses and costs in the process."). The parties should thus work together to "select a mutually agreeable time" for the IME, *Maes v. Progressive Direct Ins. Co.*, No. 18-cv-1038-KBM-KK, 2019 WL 998811, at *3 (D.N.M. Feb. 27, 2019), noting that "IMEs generally should not take longer than 3-4 hours," *Lopez*, 2023 WL 402024, at *2 (citing *Maes*, 2019 WL 998811, at *2–3).

*The IME's "conditions."* Last, Ms. Armijo requests multiple "conditions" on the IME. Doc. 72 at 4–6. I denied most of these conditions at the January 7 hearing, and I provide the parties with additional guidance below. *See* Doc. 80.

I will not order that Ms. Armijo's counsel be permitted to attend the IME. "[T]he weight of authority under federal law, including in this district, strongly favors excluding counsel from

IMEs." *Vela v. Carlsbad Med. Ctr., LLC*, No. 23-cv-430-KWR-GJF, 2024 WL 1886371, at *1 (D.N.M. Apr. 30, 2024). Counsel's presence could lead to "undue distraction, undermining the accuracy of the process, raising ethical considerations [from, for example, making counsel a witness], and creating an unnecessarily adversarial examination." *Hatchett II*, 2014 WL 12789702, at *3. The adversarial process affords enough protection against "abusive behavior by the examiner": "The attorney for the examined party can debrief the examined party about what happened and conduct discovery [concerning the examiner and IME]. If there was some impropriety in the conduct of the examination, this can be brought to the attention of the court, and it can exclude the resulting evidence." WRIGHT & MILLER § 2236.

For similar reasons, I will not order that the IME be videotaped. The "presence of recording devices" during IMEs is "disfavored" because it "changes the nature of the proceeding." *Ornelas*, 292 F.R.D. at 397 (collecting decisions). Accordingly, "special circumstances for the request" to record an IME "must be shown, as fairness and medical integrity considerations underlie the determination." *Id.* No such circumstances have been presented here. Ms. Armijo raises only "broad allegations of harm unsubstantiated by specific examples," which are "insufficient" to warrant videotaping the IME. *Estate of Ratley v. Awad*, No. 19-cv-265-PRW, 2022 WL 19334155, at *4 (W.D. Okla. Aug. 10, 2022).

Likewise, I will not order that Cardinal is entitled to only one IME in this case, as each request for an IME must be addressed on a case-by-case basis. "So long as the 'in controversy' and 'good cause' requirements are met for each requested exam, Rule 35 does not otherwise limit the number of examinations a party may be required to undergo, nor would such a limitation be judicious." *Ornelas*, 292 F.R.D. at 392 (collecting decisions). "Each request for an independent

7

examination must turn on its own facts, and depends solely on the circumstances underlying the request." *Id.*

I also decline to impose conditions on what the physician may ask Ms. Armijo during the IME. "The doctor must be permitted to take the party's history and to ask such other questions that will enable him or her to formulate an intelligent opinion concerning the nature and extent of the party's injuries." WRIGHT & MILLER § 2236. While the doctor should not ask questions designed merely to "obtain admissions bearing on the issue of liability," Ms. Armijo will have a full opportunity to conduct discovery concerning the IME and to move to exclude evidence that she considers improper. *Id.* (noting that courts may "exclud[e] from evidence any statements made by the party to the doctor relating to nonmedical matters"); *see also, e.g.*, *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989) ("If it is determined that the doctor has questioned the plaintiff improperly, that evidence may be excluded at trial.").

Finally, Cardinal must adhere to Rule 35's requirements that the physician conducting the IME create a written report "detail[ing] the examiner's findings, including diagnoses, conclusions, and the results of any tests," and must "deliver to the requester a copy of the examiner's report." FED. R. CIV. P. 35(b)(1)–(2). The parties should confer and settle on a reasonable date for delivery of the report.

## CONCLUSION

IT IS THEREFORE ORDERED that:

1. Cardinal's motion to compel written discovery responses (Doc. 65) is DENIED as moot.

2. Cardinal's motion to compel Ms. Armijo to sit for an IME (Doc. 71) is GRANTED IN PART and DENIED IN PART. The motion is granted in part in that Ms. Armijo

is hereby ordered to submit to an IME under Federal Rule of Civil Procedure 35. The motion is denied in all other respects in that "counsel must confer with one another regarding the time, place, manner, conditions, and scope of the proposed examination, and the person or persons who will perform it, in light of this Order." *Cameron*, 2020 WL 5326946, at *6. If counsel are able to agree regarding these particulars, they must submit a proposed stipulated order under Rule 35 to fashingproposedtext@nmd.uscourts.gov within 30 days of the issuance of this order. *Id.* If counsel cannot agree regarding the examination's particulars, each party must simultaneously submit competing proposed orders under Rule 35 to the same email address within 30 days of the issuance of this order, highlighting the areas of disagreement. *Id.*

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge