IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD ARMIJO et al.,

      Plaintiffs,

v.                                           Case No. 1:23-cv-00573-SMD-LF

CARDINAL LOGISTICS MANAGEMENT
CORPORATION et al.,

      Defendants.

**<u>ORDER DENYING MOTIONS TO QUASH</u>**

THIS MATTER comes before the Court on Plaintiffs' Motion to Quash and Objections to Subpoena (Doc. 128) and Advance Pain and Neurology ("APN")'s Motion to Quash and Objections and Subpoena (Doc. 130). The same subpoena is the subject of both motions, and APN's motion "adopts in their entirety the argument made by Plaintiff's Counsel," while asserting additional arguments in favor of quashing the subject subpoena. Doc. 130 at 1–2. Defendant Cardinal Logistics Management Corporation ("Cardinal") argues that the motions should be summarily denied for failure to recite a good-faith request for concurrence as required by Local Rule 7.1(a). Doc. 132 at 2. Cardinal asserts that Plaintiffs' counsel sent an email requesting Cardinal's position on Plaintiffs' motion only twenty-one minutes before the motion was filed, which did not allow the parties sufficient time to confer in good faith on the dispute. *Id.*; *see* Doc. 132-2 at 1; Doc. 132-3 at 1. Neither Plaintiffs nor APN disputed Cardinal's assertions in their respective replies. *See* Doc. 133; Doc. 134.

The Local Rules require movants to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a); *see also* Doc. 48 at 3 ("The Court will not entertain . . . a motion to quash

or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion."). This Court's scheduling order also requires "the attorney for the moving party [to certify she] has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing [a motion to quash]." Doc. 48 at 3. The duty to confer in good faith requires more than a single written correspondence. *See Hoelzel v. First Select Corp*., 214 F.R.D. 634, 636 (D. Colo. 2003). Before filing a motion, counsel are required to "converse, confer, compare views, and deliberate." *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan 1999) (internal quotation and citation omitted); *see also* Doc. 48 at 3. This is not a "technical hoop through which a litigant must jump." *Farris v. Roberts*, Civil No. 12-221 MV/LFG, 2013 WL 12164704, at *1 (D.N.M. May 3, 2013). And "in the context of discovery and other non-dispositive motions," *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, No. Civ. 14–1100 JB/KBM, 2015 WL 3544288, at *20 (D.N.M. May 20, 2015), the duty requires a "sincere effort to see if the dispute can be resolved before a party files a motion to compel," *Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 723 (D.N.M. 2017). This Court's scheduling order provides that, "[a]bsent exceptional circumstances, parties should converse in person or telephonically." Doc. 48 at 3. The Court expects the parties to make every effort to narrow their discovery disputes before bringing them before the Court.

Plaintiffs' motion omits any recitation of a good-faith request for concurrence, which in itself justifies summarily denying their motion. D.N.M.LR-Civ. 7.1(a). Cardinal's response and exhibits show that counsel for Plaintiffs emailed counsel for Cardinal to ask about Cardinal's position on the motion only twenty-one minutes before they filed their motion. *See* Doc. 132 at 2;

Doc. 132-2 at 1; Doc. 132-3 at 1.  Even had Plaintiffs given Cardinal sufficient time to respond to the email before filing the motion, a single email is insufficient to satisfy the duty to confer in good faith.  *See Hoelzel*, 214 F.R.D. at 636; Doc. 48 at 3.  APN's motion similarly omits a recitation of a good-faith request for concurrence.  *See* Doc. 130.  Cardinal does not assert that APN ever sought its concurrence before APN filed its motion, *see* Doc. 132 at 2, and APN does not argue otherwise in its reply, *see* Doc. 133.  In other words, the moving parties did not make a reasonable effort to confer with defense counsel before filing their motions to quash.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion to Quash and Objection to the Notice of Intent to Serve Subpoena (Doc. 128) and APN's Objections to Subpoena and Motion to Quash (Doc. 130) are DENIED.

Laura Fashing
United States Magistrate Judge